**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
ANDREW DEDONA, III,               :
                                  :
     Petitioner,                  :   CIVIL ACTION NO. 08-2046 (MLC)
                                  :
     v.                           :   MEMORANDUM OPINION
                                  :
UNITED STATES OF AMERICA,         :
                                  :
     Respondent.                  :
                                  :
```

**COOPER, District Judge**

This matter comes before the Court on the pro se amended
motion of Andrew DeDona, III, to vacate, set aside, or correct
his sentence pursuant to 28 U.S.C. § 2255. The underlying
criminal case in this Court was United States v. DeDona, Crim.
No. 06-485 (MLC). For the reasons set forth herein, issued
without oral argument pursuant to Federal Rule of Civil Procedure
78, the Court will: (1) dismiss the amended motion as untimely;
and (2), in the alternative, deny the amended motion on the
grounds that DeDona's various claims for relief lack any merit.
The Court will also deny as moot DeDona's renewed motion for
judgment on the pleadings.[1]

_____

[1] All of the records filed in this matter are on the
electronic docket as the following numbered docket entries
("Dkt."): the original § 2255 motion (Dkt. 1) and an attached
brief (Dkt. 1-1); the initial Miller notice (Dkt. 2); a document
from DeDona docketed as a response to the Miller notice (Dkt. 3);
the second Miller notice (Dkt. 4); DeDona's response to the
second Miller notice (Dkt. 5); the amended § 2255 motion (Dkt.
6); DeDona's motion to expedite his § 2255 motion and for an

## BACKGROUND

The government charged in a criminal complaint filed on
February 10, 2005 that DeDona "did knowingly and willfully travel
in interstate commerce for the purpose of engaging in a sexual
act as defined in section 2246 with a person under 18 years of
age that would be in violation of chapter 109A if the act
occurred in the special maritime and territorial jurisdiction of
the United States, in violation of Title 18, United States Code,
Sections 2423(b) and 2." (A5.) Expressly waiving his right to

order to show cause (Dkt. 7); the Court's February 6, 2009 order
directing the government to answer the amended § 2255 motion
(Dkt. 8); the government's motion to dismiss (Dkt. 11) and a
supporting brief (Dkt. 11-1); DeDona's motion for judgment on the
pleadings (Dkt. 13) and a brief in support of his motion (Dkt.
13-1); the Court's June 1, 2009 order disposing of certain
pending motions and directing the government to file an answer
responsive to the allegations in the amended § 2255 motion (Dkt.
14); a document from DeDona docketed as an affidavit in further
support of his amended § 2255 motion (Dkt. 15); the government's
answer to the amended § 2255 motion (Dkt. 16) and an attached
appendix (Dkt. 16-1); DeDona's notice of admitted facts and
proposed order for dismissal (Dkt. 17); and his reply to the
government's answer (Dkt. 18). As directed by the Court, the
appendix attached to the government's answer included the
following documents from the underlying criminal case: the docket
sheet (A1-A4); the criminal complaint with the attached affidavit
(A5-A7); the signed waiver of indictment (A8); the signed
application for permission to enter plea of guilty (A9-A16); the
information (A17-A18); the signed plea agreement and attached
schedule (A19-A26); the criminal judgment entered on the docket
on January 31, 2007 (A27-A31); and the transcripts of the plea
and sentencing hearings (A32-A80). The Court also takes into
account DeDona's renewed motion for judgment on the pleadings,
dated April 2, 2009 and received on April 16, 2009, which will be
placed on the docket. This renewed motion was supported by a
memorandum of law ("Renewed Mot. Mem."), as well as an attached
"Jurat" and documentation from Tony Robert Davis of the Derkunt
Law Office in Austin, Texas ("Jurat").

2

indictment, DeDona entered a plea of guilt on June 28, 2006 to a
one-count information alleging a violation of 18 U.S.C. § 2423(b).
(See generally A8-A55.)  The plea was entered pursuant to an
agreement with the government.  (A19-A31.)  At the plea hearing,
DeDona admitted that he engaged in internet communications with a
person believed to be a fourteen-year old girl located in New
Jersey (actually an undercover officer) and then traveled by
automobile from New York to New Jersey to engage in sexual acts
with her and her twelve-year-old friend.  (A52-A53.)  He also
admitted that, during the internet communications, he exposed his
genitals and masturbated for the camera attached to his computer.
(A53.)  He acknowledged that he knew his activities were illegal
at the time he committed them.  (Id.)  This Court ultimately
accepted his guilty plea.  (A54-A55.)

     The plea agreement included an agreed-upon total offense
level of 23.  (A25.)  At the sentencing hearing on January 24,
2007, the Court granted a two-level downward departure on account
of DeDona's post-offense rehabilitative conduct.  (A68-A70.)  He
was ultimately sentenced to a term of imprisonment of 37 months,
followed by 15 years of supervised release.  (A28-A29.)  Judgment
was formally entered on the docket on January 31, 2007 (A4), and
no appeal was ever filed.

     DeDona mailed from prison a motion to vacate, set aside, or
correct his sentence pursuant to 28 U.S.C. § 2255 on April 22,

3

2009.  (Dkt. 1 at 9.)  This motion was purportedly signed by DeDona on April 25, 2008 (id. at 8), and it was then filed on the docket on April 28, 2008.  He also submitted a supporting memorandum of law.  (Dkt. 1-1.)  The Court issued a Miller notice on May 20, 2008.  (Dkt. 2.)  On July 23, 2008, DeDona filed a document entitled "Official, Actual, Constructive, and Express Notice of Unclean Hands and Fraud, to Any and All Agents, Officers, Employees and Attorneys of Local, State, or Federal Governments."  (Dkt. 3 at 1 (emphasis omitted).)  This document was entered on the docket as a response to the Miller notice. Given the Court's uncertainty as to DeDona's intentions, a second Miller notice was entered on August 13, 2008.  (Dkt. 4.)  DeDona responded to the second Miller notice on September 15, 2008, asserting that he intended to seek § 2255 relief.  (Dkt. 5 at 1.) He further indicated that he would re-file his motion using the forms provided by the Court and submit a memorandum of law and other supporting motions.  (Id.)

DeDona's amended § 2255 motion to vacate, set aside, or correct the sentence was filed on September 29, 2008.  (Dkt. 6.) In this amended filing, DeDona raises nine "Grounds" for relief. (Id. at 7-12.)  He also refers to an attached memorandum of law, stating that a "memorandum of law [was] sent separately."  (Id. at 14 (emphasis omitted).)  No such memorandum of law has been filed on the docket or otherwise received by the Court.

4

DeDona nevertheless has filed several other motions.  On December 10, 2008, he moved for an expedited ruling on his amended § 2255 motion and for an order to show cause directing the government to explain why he should not be immediately released from custody.  (Dkt. 7 at 1.)  On February 6, 2009, the Court directed the government to file an answer to the amended § 2255 motion, together with copies of the necessary documentation from the underlying criminal case.  (Dkt. 8 at 1-2.)  The government responded by filing on March 3, 2009 a motion to dismiss the pending § 2255 motion on untimeliness grounds.  (Dkt. 10.)  DeDona filed a motion for judgment on the pleadings on March 6, 2009.  (Dkt. 13.)  The Court also received from DeDona a renewed motion for judgment on the pleadings on April 16, 2009.  (Renewed Mot. at 1.)  In the memorandum of law accompanying his renewed motion, DeDona asserts that the government's motion to dismiss was premised on purely specious grounds.  (Renewed Mot. Mem. at 4-7.)  His renewed motion also included a "Jurat" purportedly from a Mr. Tony Robert Davis of the Derkunt Law Office in Austin, Texas, together with an alleged letter from an officer of the United States House of Representatives.  (Jurat at 1.)

In an order entered on June 1, 2009, the Court denied without prejudice the government's motion to dismiss as well DeDona's motions to expedite and for judgment on the pleadings, (Dkt. 14 at 2.)  We further directed the parties not to file any

further motions.  (Id.)  The government was ordered to file an answer responding to the allegations of the amended § 2255 motion within 45 days, with DeDona then having an opportunity to file a reply within 30 days of receiving the government's answer.  (Id.) The government complied with the Court's directives by filing an answer, together with related documentation from the criminal case, on July 15, 2009.  (Dkt. 16, Dkt. 16-1.)  DeDona also filed a document entitled "Notice of Admitted Facts," which was docketed as an affidavit in further support of his amended § 2255 motion. (Dkt. 15 at 1 (emphasis omitted).)  He then filed on July 16, 2009 a "Proposed Order for Dismissal of Case with Prejudice," asking for his immediate release from custody, which was docketed as a notice of admitted facts and a proposed order for dismissal of the case with prejudice.  (Dkt. 17 at 1.)  DeDona also submitted a reply brief responding to the government's answer, which was filed on the docket on August 14, 2009.  (Dkt. 18.)

## DISCUSSION

DeDona was convicted of the federal crime of traveling with intent to engage in illicit sexual conduct.  18 U.S.C. § 2423(b) states in relevant part that "[a] person who travels in interstate commerce . . . for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both."  In turn, "illicit sexual conduct" includes "a sexual act (as defined in section

2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2423(f).

28 U.S.C. § 2255 allows a person in custody for a federal offense to file a motion to vacate his sentence. The statute provides in relevant part that:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

DeDona has the burden of establishing any claim asserted in his motion. See, e.g., United States v. Abbott, 975 F.Supp. 703, 705 (E.D. Pa. 1997). A motion under § 2255 also should generally be treated the same as a 28 U.S.C. § 2254 petition filed by a state prisoner in the absence of sound reasons to the contrary. See, e.g., United States v. Bendolph, 409 F.3d 155, 163-64 (3d Cir. 2005).

In his amended § 2255 motion, DeDona asserts nine claims or "Grounds" for relief. These are, in the order they are addressed in this Memorandum Opinion: (1) Title 18 of the United States Code, particularly 18 U.S.C. § 3231, is unconstitutional because of various deficiencies in the legislative process (Ground One);

7

(2) there was a failure to establish that the crime was committed in the District of New Jersey (Ground Two); (3) the Court lacked territorial jurisdiction (Ground Three); (4) the Court lacked jurisdiction pursuant to the 1940 version of 18 U.S.C. § 546 (Ground Nine); (5) the Court sells "conviction bonds" in violation of the "Separation of Powers Doctrine" and the Thirteenth Amendment (Ground Six); (6) the Court is not an Article III court (Ground Seven); (7) the criminal complaint was invalid because it claimed as an element of the crime that the offense occurred in the special maritime and territorial jurisdiction of the United States and because the accompanying affidavit was submitted by an person lacking personal knowledge of the underlying allegations (Ground Five); (8) government officials improperly used all capital letters in listing his name in various documents, including his birth certificate (Ground Eight); and (9) his attorney rendered constitutionally ineffective assistance by failing to investigate and pursue the above claims (Ground Four).

In addition to arguing that each and every claim must be denied on the merits (Dkt. 16 at 17-27), the government contends that the entire amended motion should be denied because of untimeliness, a prior waiver of the right to seek collateral review, and procedural default (id. at 5-17).

The Court finds that this matter is time-barred under the applicable statute of limitations.  In the alternative, we agree

with the government that the various claims here must be denied
because they lack any merit.  These conclusions are mandated by
our thorough examination of the record, which reveals no issue
requiring an evidentiary hearing.  See, e.g., United States v.
McCoy, 410 F.3d 124, 131-35 (3d Cir. 2005).[2]

## 1.    Statute of Limitations

The filing of § 2255 motions is governed by a one-year
statute of limitations.  Here, the limitations period runs from
"the date on which the judgment of conviction becomes final."  28
U.S.C. § 2255(f)(1).  As noted above, the judgment of conviction
was entered on January 31, 2007.  (A4.)  No direct appeal to the
Third Circuit was ever filed from the conviction and sentence.
Contrary to DeDona's characterizations (see Renewed Mot. Mem. at
4; Dkt. 18 at 4, 8-9), there is nothing to indicate that a
petition for certiorari as to his conviction and sentence was
submitted to the United States Supreme Court or that his criminal
case was ever properly before the Supreme Court.[3]  The conviction

---

[2]   Contrary to DeDona's assertions, the government has not
admitted to the truth of any factual or legal claims, nor has it
waived any defenses or arguments.  There are also no grounds for
holding it estopped from challenging the claims for relief
advanced by DeDona, especially in view of the lack of merit of the
claims.  The Court also rejects DeDona's repeated assertions that
we must take judicial notice of his various unfounded allegations.

[3]   DeDona does refer to a United States Supreme Court filing,
and asserts in his reply brief that the government knowingly
misled the Court by stating that his case was never before the
Supreme Court.  (Renewed Mot. Mem. at 4; Dkt. 18 at 4, 8-9.)  It
appears that a habeas petition was filed with the Supreme Court on

therefore became final when the ten-day period in which to file the appeal under Federal Rule of Appellate Procedure 4(b)(1)(A) expired.  See, e.g., Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  Even with the benefit of intervening weekends and legal holidays, DeDona's time to file a direct appeal expired on or about February 15, 2007.  He then had one whole year in which to file his motion for relief under § 2255.  However, the original § 2255 motion was not placed in the mail until April 22, 2008, approximately two months too late.

This limitations period is subject to equitable tolling.  See Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-19 & n.1 (3d Cir. 1998).  However, "[g]enerally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'"  Id. at 618 (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.

October 11, 2007.  The Supreme Court's docket lists Harry Edwin Miles as the named or lead petitioner.  The habeas petition was denied on November 26, 2007, In re Miles, 128 S.Ct. 689 (2007), and a petition for rehearing was also denied on February 19, 2008, In re Miles, 128 S.Ct. 1338 (2008).  The Court concludes that this Supreme Court proceeding did not toll or otherwise affect the time period for DeDona to file his § 2255 motion because he never filed a direct appeal with the Third Circuit and it is unclear what relationship, if any, DeDona actually has to the Supreme Court proceeding itself.  Even if it could be considered as a petition for certiorari, the Supreme Court habeas petition was filed long after the 90-day period for requesting certiorari had expired.  See, e.g., Bendolph, 409 F.3d at 158 n.5 ("Bendolph did not get the benefit of tolling for the time the petition [for certiorari] was under consideration by the Supreme Court because the petition was untimely and therefore not properly filed." (citing Merritt v. Blaine, 326 F.3d 157, 164 (3d Cir. 2003)).

1994)).  "[A] statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quotation omitted).  Therefore, attorney error, miscalculations, inadequate research, and other mistakes of a similar nature are generally not considered sufficiently "extraordinary" to justify tolling in non-capital cases.  See, e.g., Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

DeDona does not expressly invoke the equitable tolling doctrine.  Instead, he contends that he is free to raise his current claims at any time because they are supposedly jurisdictional or structural in nature.  (Renewed Mot. Mem. at 4-5; Dkt. 18 at 4-8.)  He also emphasizes the vital role that the writ of habeas corpus plays in protecting individuals from miscarriages of justice, refers to the harmless error standard of review, asserts that the government has engaged in fraudulent conduct in his prosecution because it knew that the elements of the crime could not be established and that Title 18 was not properly enacted into law, and attacks the plea agreement he previously entered.  (Renewed Mot. Mem. at 5-7.)

As the government points out (Dkt. 16 at 7-8), these unsupported assertions have no relevance to this inquiry.  In particular, there is nothing to indicate any interference with his ability to file a timely § 2255 motion.  Cf. 28 U.S.C. § 2255(f)(2) (stating that one-year period may run from "date on

11

which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action").  The government accordingly notes that DeDona fails to offer any explanation for why his motion was not filed in a timely fashion.  (Dkt. 16 at 7.)

The Court therefore concludes that there is no basis for equitable tolling here.  Given the untimeliness of the original § 2255 motion, the Court must dismiss his amended motion for § 2255 relief as time-barred.[4]

## 2.   Claims for Relief

Even if DeDona's amended § 2255 motion was not time-barred, he cannot prevail on any of his claims for relief.  The Court agrees with the government that his various "Grounds" are lacking in merit (Dkt. 16 at 17-27), and the Court therefore will deny DeDona's motion.

### A.   Title 18 (Ground One)

DeDona attacks the constitutionality of Title 18.  He argues that "Public Law 80-772 and 18 U.S.C. § 3231, the section of

---

[4]   It also appears that the government is correct that the amended § 2255 motion should be dismissed on two additional grounds:  DeDona's (1) knowing and intelligent waiver of any right to collateral review of his conviction and sentence as part of the plea agreement (Dkt. 16 at 8-13); and (2) failure to raise his claims on direct appeal, resulting in the claims' procedural default (with the possible exception of his claim of ineffective assistance of counsel) (id. at 13-17).  The Court, however, need not explore these additional grounds because his motion must be dismissed as untimely and his claims otherwise lack any merit.

Title 18 that gives the district courts jurisdiction to prosecute crimes, are unconstitutional on their face and were never enacted as a matter of law as required by the Constitution; therefore the district court was without jurisdiction to indict, prosecute, or convict Petitioner, rendering the judgment and commitment order and all proceedings void ab initio." (Dkt. 6 at 7.) He alleges various deficiencies in the legislative process leading to the enactment in 1948 of 18 U.S.C. § 3231, which states, in relevant part, that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." These alleged deficiencies include the absence of a quorum, the lack of an entry in the journal of the House of Representatives indicating a vote on the bill, the failure of both Houses of Congress to vote on and pass the identical bill, a resolution improperly authorizing the presiding officers to sign bills during an adjournment, and the certification by the chair of the House Administration Committee of the wrong bill. (See, e.g., id. at 8-9; Renewed Mot. Mem. at 1; Dkt. 18 at 2, 13-17.) If DeDona prevails, the result allegedly would call into question the validity of every federal felony conviction since 1948. But, as the government explains in some detail (Dkt. 16 at 17-20), his claim is baseless.

DeDona's theory of legislative deficiencies has been advanced by others. Indeed, it has "enjoyed fairly widespread popularity among 'jailhouse lawyers.'" United States v. Sublett, Crim. No.

01-77 & Civ. No. 07-533, 2009 WL 196097, at *2 (W.D. Ky. Jan. 26, 2009).  But the claim has "routinely met with dismissal as frivolous."  Id.  The Third Circuit has repeatedly rejected constitutional attacks on Title 18 and § 3231.  See United States v. Abdullah, 289 Fed.Appx. 541, 543 n.1 (3d Cir. 2008); United States v. Coplin, 284 Fed.Appx. 988, 990 (3d Cir. 2008); United States v. Johnson, 270 Fed.Appx. 191, 191-92 (3d Cir. 2008); United States v. Potts, 251 Fed.Appx. 109, 111 (3d Cir. 2007); see also United States v. Risquet, 426 F.Supp.2d 310, 311-12 (E.D. Pa. 2006).  In fact, the Seventh Circuit ordered an attorney to show cause why he should not be sanctioned for professional misconduct for relying on this claim on appeal, sending a copy of its opinion to the appropriate disciplinary authorities.  United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007).  The appellate court labeled counsel's "quixotic crusade" a "profound disservice to his clients" and expressly left open the possibility of post-conviction relief based on ineffective assistance of counsel.  Id.; see also, e.g., United States v. States, 242 Fed.Appx. 362, 363 (7th Cir. 2007) (disposing of same attorney's Title 18 appeal with single sentence:  "This case is unbelievably frivolous.").  Therefore, the first claim for relief advanced by DeDona must be denied as frivolous.  The Court reaches the same result as to his eight other Grounds.[5]

_____

[5] In the "Jurat" submitted by DeDona with his renewed motion for judgment on the pleadings, Davis states that he works for the

**B.    The Court's Jurisdiction (Grounds Two, Three, and Nine)**

DeDona alleges in Ground Two that the Court "failed to establish that the crimes were committed in the District of New Jersey (Trenton Division) when the court failed to instruct the defendant that the government must find the <u>locus</u> <u>delecti</u> of the crimes charged in order to convict him." (Dkt. 6 at 9.) He similarly claims in Ground Three that the Court lacked territorial jurisdiction and in Ground Nine that we lacked jurisdiction under the 1940 version of 18 U.S.C. § 546. (<u>Id.</u> at 9-11.) This Court rejects his various jurisdictional claims as frivolous.

As to the "locus delecti," the government correctly points out (Dkt. 16 at 20-21) that DeDona admitted at the plea hearing that he engaged in internet communications with a person he believed to be an underage girl and then traveled from New York to New Jersey in order to commit sexual acts with her and her

Derkunt Law Office in Austin, Texas. (Jurat at 1.) The attorney named in the Seventh Circuit's ruling was Mustafa Engin Derkunt of the Texas Bar. <u>Collins</u>, 510 F.3d at 698. The government also submitted in the current matter a newspaper article detailing the alleged relationship between Davis and this attorney and their activities regarding the alleged invalidity of Title 18. (A81-A84.) Under the circumstances, we do not need to accept the government's assertion that this pro se matter should be dismissed because his filings may have been prepared with the assistance of counsel. (<u>See</u> Dkt. 16 at 17 n.5.) But we do note that Davis himself evidently served a federal sentence for fraud and related charges (A82) and has been repeatedly sanctioned for filing frivolous lawsuits and abusing the judicial system. <u>See, e.g.</u>, <u>Davis v. Bush</u>, 289 Fed.Appx. 670, 671 (5th Cir. 2008); <u>United States v. Davis</u>, 250 Fed.Appx. 637, 637-38 (5th Cir. 2007); <u>Davis v. Wendt</u>, 242 Fed.Appx. 998, 999 (5th Cir. 2007).

purportedly twelve-year old friend.  (A52-A53.)  DeDona's own statements on the record accordingly show that he was properly prosecuted in New Jersey.  See 18 U.S.C. § 3237(a) (stating "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed").

The Court further rejects as frivolous any assertion that we acted without subject matter or "territorial" jurisdiction.  The government observes that 18 U.S.C. § 2423 constitutes a valid exercise of Congress's powers under the Commerce Clause of the United States Constitution (Dkt. 16 at 22).  See, e.g., United States v. Tykarsky, 446 F.3d 458, 470 (3d Cir. 2006).  Also, DeDona's confusing assertions regarding the 1940 version of 18 U.S.C. § 546, an alleged violation of the "Fair Warning Doctrine" (Dkt. 6 at 12), and the theory that the Court's jurisdiction is limited to crimes occurring on "federal territory" (Dkt. 18 at 3, 19-25) must be rejected because this Court properly exercised jurisdiction pursuant to 18 U.S.C. § 3231, which, as discussed above, was validly enacted into law.

**C.   Alleged Judicial Deficiencies (Grounds Six and Seven)**

DeDona alleges in Ground Six that this Court improperly sells "conviction bonds," thereby creating a financial conflict of interest in violation of the "Separation of Powers Doctrine"

16

and the Thirteenth Amendment.  (Dkt. 6 at 10.)  As the government notes (Dkt. 16 at 24), he fails to provide any legal support for this strange argument.

The Article III challenge in Ground Seven of the amended § 2255 motion also must be rejected.  Contrary to DeDona's unsupported characterizations (<u>see, e.g.</u>, Dkt. 6 at 10-11; Dkt. 18 at 3, 18-19), this Court is an Article III Court.

### D.  Validity of Criminal Complaint (Ground Five)

In Ground Five, DeDona challenges the criminal complaint because it alleged as a criminal element an act or acts that occurred "in the special maritime and territorial jurisdiction of the United States as defined in 18 U.S.C. § 7."  (Dkt. 6 at 10.)  He alleges that as the government was unable to show that he committed a crime in the special jurisdiction of the United States, his entire conviction was invalid.  (<u>Id.</u>)  DeDona challenges the affidavit attached to the complaint as insufficient and "not based on personal knowledge by a person who is over 18 years of age."  (<u>Id.</u>)  He also contends that the government improperly "included two separate and distinct counts in the same charge."  (Dkt. 18 at 19.)  Nevertheless, DeDona's assertions as to the complaint are without merit.

Initially, DeDona appears to misunderstand the elements of the crime at issue here.  Following the language of 18 U.S.C. § 2423(b), the complaint properly alleged that DeDona "did knowingly

17

and willfully travel in interstate commerce for the purpose of engaging in a sexual act as defined in section 2246 with a person under 18 years of age that would be in violation of chapter 109A <u>if the act occurred</u> in the special maritime and territorial jurisdiction of the United States."   (A5 (emphasis added).) Neither the statutory provision nor the charging documents here ever required the government to prove that he committed, or intended to commit, the prohibited sexual conduct in the United States's special maritime and territorial jurisdiction.   Instead, the government merely had to show that, <u>if</u> the act had occurred in one of those jurisdictional areas, the act would have constituted a federal offense.   Given the admissions at the plea hearing (A52-A53), this requirement was satisfied.   In fact, all of the elements of the crime charged were established here.

18 U.S.C. § 2, cited in the complaint, merely specifies who is considered to be a "principal" for criminal liability purposes. The affidavit, completed by a special agent from the Department of Homeland Security, United States Immigration and Customs Enforcement, was evidently sufficient for purposes of an initial criminal complaint.   As the government properly notes (Dkt. 16 at 24), DeDona subsequently admitted to his wrongdoing on the record, waived his right to a grand jury indictment, and pleaded guilty (<u>see generally</u> A8-A55).

### E.   DeDona's Name (Ground Eight)

DeDona claims in Ground Eight that "[t]he misnomer of the defendant voids all proceedings, including the judgment and commitment order." (Dkt. 6 at 11.)  Although rather difficult to understand, his claim appears to reach back to the issuance of his birth certificate, which listed his name in all capital letters. (Id.)  According to him, birth certificates are part of a massive money-making scheme perpetrated by the government. (Id.)  He goes on to allege that this birth certificate created a separate and fraudulent person, who was then identified by the various documents filed in his criminal case insofar as they also used all capital letters. (Id.)  But his entire theory appears to have no basis in either law or reality.  As the government points out (Dkt. 16 at 25), his identity was never at issue, and DeDona admitted to his criminal wrongdoing in court (A52-A53).

### F.   Ineffective Assistance of Counsel (Ground Four)

To succeed on a claim of ineffective assistance, a petitioner must show both constitutionally deficient performance and that such performance prejudiced the defense.  See, e.g., Strickland v. Washington, 466 U.S. 668, 687 (1984).  The appropriate measure of attorney performance is "reasonableness under prevailing professional norms," id. at 688, and prejudice is assessed based on whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

19

DeDona claims in Ground Four that his counsel in the criminal case provided him with ineffective assistance of counsel by failing to investigate and raise the various substantive claims advanced in his pro se amended § 2255 petition.  (Dkt. 6 at 9.) However, we have already concluded that such substantive claims are completely frivolous.  We cannot hold that an attorney acts in an unreasonable fashion where he fails to pursue issues that lack any merit.  DeDona cannot establish that this failure to raise clearly-frivolous issues resulted in prejudice.[6]

## CONCLUSION

DeDona moves for relief from his sentence under 28 U.S.C. § 2255, and the government opposes his amended motion for relief on both procedural and substantive grounds.  For the reasons stated herein, the amended § 2255 motion will be dismissed as time-barred and, in the alternative, will be denied on the grounds

---

[6] DeDona seeks to raise yet another claim for relief in his reply brief.  He asserts that the government knowingly concealed material and exculpatory evidence from him.  (Dkt. 18 at 2, 26-31.)  He even alleges that the National Security Agency, the Internal Revenue Service, and other agencies possess classified files on him that should have been provided before his plea hearing.  (Id. at 28.)  Even assuming arguendo that this last minute claim may be considered, it is without merit.  There is no basis at all for believing that any undisclosed exculpatory evidence even exists.  On the contrary, DeDona admitted to his criminal conduct at the plea hearing.  (A52-A53.)

DeDona advances several other allegations of governmental deception and misconduct in his reply brief and seeks, inter alia, the criminal prosecution of the persons responsible.  We reject these claims and requests as unfounded.

that DeDona fails to allege a non-frivolous claim for relief under § 2255.  Given this disposition, the Court also will deny as moot DeDona's renewed motion for judgment on the pleadings.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  Cf. Fed.R.App.P. 22; Loc.App.R. 22.2.  A certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, DeDona fails to make such a showing here.

The Court will issue an appropriate order and judgment.


                                    s/Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:    August 31, 2009

21