## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW DEDONA, III, | Civil Action No. 08-2046 (BRM) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA | |
| Respondent. | |

**THIS MATTER** is opened to the Court by *pro se* petitioner Andrew Dedona, III, ("Petitioner"), upon the filing of a Rule 60(b) motion, described by Petitioner as an "Emergency Petition for Relief," filed pursuant to Federal Rule of Civil Procedure 60(b)(4). (ECF No. 29.)

**IT APPEARING THAT:**

1. Petitioner previously filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1), that was denied on August 31, 2009. (ECF Nos. 19-20.)

2. Petitioner's subsequent Motion for Reconsideration (ECF No. 22), was duly denied on October 9, 2009. (ECF No. 25.)

3. Petitioner now submits in the instant motion, which he describes as a "petition to declare the indictment and judgment in this case void, *ab initio*" that his underlying conviction was obtained as a result of due process violations, which include *inter alia*, a biased judge (ECF No. 29 at 1-2), prosecutorial misconduct for knowingly pursuing a conviction without proper statutory authority and "lack of the jurisdiction" that render his conviction void. (*Id.* at 8.) Furthermore, Petitioner submits that an evidentiary

1

hearing is necessary for him to present witnesses and evidence that would prove "actual innocence as a matter of law." (*Id.* at 8.) The Court notes that Petitioner's "Exhibit C" is a "list of witnesses for offer of proof." (*Id.* at 57.) The list includes several private individuals as well as public servants such as a former federal judge of the United States District Court for the Eastern District of Wisconsin, a member of the United States House of Representatives, current and former United States Congress staff, researchers, attorneys unrelated to Petitioner's underlying conviction and or his habeas petition and unnamed prison inmates. Petitioner provides these witnesses can all provide testimony supporting Petitioner's proffer that he was convicted pursuant to an invalid statute.

4. The instant petition appears to be a second or successive Section 2255 petition, notwithstanding Petitioner's argument to the contrary.[1]

5. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). While Petitioner refers to the "fraud on the court by the prosecutor" (ECF No. 29 at 1), as one basis for bringing the instant motion, he appears to be advancing the same jurisdiction claim that he made in his first Section 2255 petition, albeit this time within the context of the prosecutor's alleged misconduct. (*See* ECF No. 1-1 at 29-34.) Petitioner's submission appears to be an attack on his underlying conviction and not his Section 2255 proceeding. *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the

---

[1] Petitioner provides that the instant petition does not qualify as a petition under Section 2255 because "[I]t does not attack the sentence; it attacks whether a case could even exist due to lack of jurisdiction." (ECF No. 29 at 4.)

Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.")

6. Consequently, this Court will deny the emergency petition as a second or successive Section 2255 motion. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("Unless the court of appeals grants such permission, the district court may not consider the second or successive petition.").

7. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, this Court will not transfer Petitioner's emergency petition to the Third Circuit for its consideration as a second or successive § 2255 motion.[2]

8. Finally, this Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.1. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of denial of a constitutional right, and this Court will not issue a certificate of appealability.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 18th day of June 2019;

**ORDERED** that the Clerk shall reopen this case for the sole purpose so that this Court can consider Petitioner's Emergency Petition (ECF No. 29); and it is further

---

[2] Nothing in this Memorandum Opinion should be construed by Petitioner as preventing him from filing a request to file a second or successive § 2255 motion in the Third Circuit for that Court's consideration in the first instance.

3

**ORDERED** that the Emergency Petition (ECF No. 29) is **DENIED**; and it is further

**ORDERED** that a certificate of appealability shall not issue; and it is further

**ORDERED** that the Clerk of the Court shall close this matter; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and the accompanying Memorandum Opinion on Petitioner by regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**